Suzanne Basseron et als. *v.* W. D. L. McRae and Wife.

Abstracts of certificates of entry, attested by the register of the land office to be on file, and agreeing with the register of sales and records of his office, if admissible in evidence, are insufficient to form the basis of a petitory action ; and where such was the only evidence of title exhibited by defendant from the United States, and there was no location shown of land thus claimed, under the proper officers of the Government; *Held :* That defendant had not a title translative of property which would sustain the plea of prescription of ten years.

APPEAL from the District Court of the Parish of East Baton Rouge, *Burke,* J. Seymour and *T. G. Morgan,* for plaintiff and appellant. *Dunn,* for defendant.

Voorhies, J. This is a petitory action. The plaintiffs, *Suzanne Basseron,* as surviving spouse, and *Marie Julie Fortin,* wife of *Clément Ramos,* as sole heir of *Nicolas Fortin,* deceased, claim the ownership of a certain tract of land situated in the parish of East Baton Rouge. They allege that the defendants have recently, without any legal or just title, and in bad faith, taken possession of said land, by reason of which they have sustained damages in the sum of $1000. They pray to be decreed the true and lawful owners of said land and to be restored to possession, and also pray that judgment be rendered in their favor against the defendants *in solido* for said sum of $1000.

The answer avers that the defendants are in possession of a tract of land purchased from the United States by *Nichols* and *McRae,* who afterwards conveyed the same to *Malachi Bradford,* that at a probate sale of the property of the community which existed between said *Bradford* and *Emeline Cook,* deceased, his wife, said tract of land was adjudicated to *Jane Ambrose,* one of the defendants. The prescription of ten years, under a just title translative of property is also pleaded in bar of the plaintiff's right of action.

The plaintiff's muniments of title consist of an order of survey, granted under the authority of the Spanish Government on a requite or petition of *Nicolas Fortin,* an actual survey and location of the land prayed for, made by *Ira C. Kneeland,* pursuant to said order, on the 21st of October, 1806, and Register's patent certificate showing the confirmation of said title by act of Congress, approved March 3d, 1819. Under the survey and location thus made, the tract is described as being bounded on the west by *Daniel Hickey;* on the east by *Thomas Lilly,* on the north by vacant lands, and on the south by *George Proffit.*

It is shown that the old marks and boundaries correspond satisfactorily with the field notes of *Kneeland,* as verified by a survey made under the order of the court. The question, then, as to location may, therefore, be considered as at rest.

*John Buckler* testified that he was acquainted with *Nicolas Fortin* and his family, since the year 1805 or 1806, while they resided in the parish of East Baton Rouge, and was frequently in their family after they removed to New Orleans. It was notoriously known that the land in question belonged to them and was assessed in their name. From the year 1821 to 1837, while sheriff of East Baton Rouge, he acted as their agent in the payment of the taxes assessed on said land. In the year 1841 he told *Malachi Bradford* that a portion of his, *Bradford's,* improvements was on the plaintiff's land. Two or three years afterwards, he met *Bradford* in the town of Baton Rouge, and again mentioned

the subject to him. *Bradford* replied that he would be satisfied if his improvements were paid for. It is therefore obvious that the plaintiff's title must be considered as complete and perfect, and it is equally obvious, superior in dignity to that of the defendant's, which is still inchoate. The only evidence of title exhibited by the defendant from the United States, are documents purporting to be abstracts of certificates of entry attested by the register of the Land Office to be on file and agreeing with the register of sales and records of his office. Conceding the admissibility of this evidence, which has been excepted to, we think it would be insufficient to form the basis of a petitory action as contended for by the defendants.

It is true, under our jurisprudence, it has been repeatedly held that the receipts of the receivers of public moneys for public land were sufficient evidence of title from the Government to maintain such an action, but there is no evidence of that kind in the present case. Neither is it shown that the survey introduced in evidence by the defendants was ever approved or authorized by the Surveyor General of the United States for the State of Louisiana, or by any other legally authorized officer, returned to the proper office.

Mr. *Duplantier*, the only witness introduced by the defendants, testified that *Malachi Bradford* came to the parish in the year 1837 or 1838, and lived in the upper part of it, near Port Hudson, where he continued to reside; it was a new place, and had at that time very little improvements on it. There is no evidence in the record showing the portion or extent of the land actually inclosed or on which the defendants erected their improvements, or at what time the inclosures or improvements were erected on the same. The land purchased by the defendants is described to be "situated in the parish of East Baton Rouge, containing 950 acres, bounded on the north by land of *Montagudo*, on the south by land of *Christian*, on the west by land of *Ranaldson*, and on the east by those of *Carney* and *Borsky*, and purchased by one of the defendants, as alleged in their answer, at the probate sale of the property and effects of the community which existed between *Malachi Bradford* and *Emeline Cook*, deceased, made on the 23d September, 1850. There is no location shown of the land thus claimed under the proper authority of the Government of the United States, in which the fee still exists until the patent issues.

But admitting for a moment that the defendants' title is a title translative of property, still we are of opinion that the facts disclosed by the record are insufficient to establish such an adverse possession as·required by law to sustain the plea of prescription.

It is therefore ordered, adjuged and decreed, that the judgment of the District Court be avoided and reversed; that the plaintiffs have judgment and be declared the true and lawful owners of the tract of land described in their petition; that they recover of the defendants whatever portion thereof may be in the possession of said defendants, and that a writ of possession accordingly issue; and it is further ordered and decreed that the costs in both courts be borne by the defendants.